## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **GENTRY LOCKE RAKES &** | ) | |
| **MOORE, LLP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00326 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **PRIDE CONSTRUCTION, LLC,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Melissa W. Robinson and Johnea M. White, GLENN ROBINSON CATHEY MEMMER & SKAFF PLC, Roanoke, Virginia, for Plaintiff; Michael C. Whitticar, NOVA IP LAW, PLLC, Gainesville, Virginia, for Defendant.*

The defendant moves to dismiss the First Amended Complaint for lack of subject-matter jurisdiction.  Because the First Amended Complaint sufficiently alleges the complete diversity of the parties and an amount in controversy above $75,000 this court has jurisdiction under 28 U.S.C. § 1332.  The motion is denied.

### I.

Plaintiff, Gentry Locke Rakes & Moore, LLP ("Gentry Locke") is a law firm that brings state law claims against the defendant, its former client, Pride Construction, LLP ("Pride") for unpaid legal services after representing the defendant in an arbitration and insurance claim related to a construction project.  The First Amended Complaint alleges that this court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332.

To support diversity jurisdiction, the First Amended Complaint alleges that Gentry Locke is a limited liability partnership and Virginia citizen, because its partners are citizens and domiciliaries of Virginia. First Am. Compl. 1, ECF No. 11. The defendant on the other hand, is allegedly a limited liability company and Tennessee citizen, because its two members are citizens and domiciliaries of Tennessee. *Id*.

The defendant moved to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the First Amended Complaint fails to adequately allege subject-matter jurisdiction, because it does not list the "identities of the member or members of the defendant limited liability company." Mem. Supp. Mot. Dismiss 1, ECF No. 13.[1] The court construes this as a facial challenge to subject-matter jurisdiction, because it essentially claims that the First Amended Complaint "fails to allege facts upon which subject matter jurisdiction can be based." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (explaining the distinction between a facial and factual challenge to subject-matter jurisdiction). The motion has been briefed and is ripe for review.

---

[1] A motion under Federal Rule of Civil Procedure 12(b)(1) is the proper mechanism to challenge subject-matter jurisdiction rather defendant's motion under 12(b)(6).

II.

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 479–80 (4th Cir. 2005). The plaintiff, as the party invoking this court's jurisdiction bears the burden of establishing that this court has subject-matter jurisdiction in this action. *Steel Co.,* 523 U.S. at 104; *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999). When, as here, a defendant facially challenges the sufficiency of the allegations to support subject-matter jurisdiction, "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns*, 585 F.3d at 193.

III.

The Constitution states that "[t]he judicial Power shall extend" to cases and controversies "between Citizens of different States." U.S. Const. art. III, § 2. Similarly, 28 U.S.C. § 1332(a) grants federal courts subject-matter jurisdiction to decide cases if two conditions are met: (1) the parties are "citizens of different States" and (2) "the matter in controversy exceeds the sum or value of $75,000."

There are different rules to determine a person or entity's citizenship for diversity purposes. Unincorporated associations like partnerships and limited liability companies are citizens of each state where their partners or members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (a partnership takes the citizenship of all members.); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (stating, "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."). A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). Lastly, a natural person is a citizen of the state in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F.3d 660, 663 (4th Cir.1998).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." "[W]here jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it should be distinctively and positively averred in the pleadings, or should appear affirmatively with equal distinctness in other parts of the record." *Anderson v. Watts*, 138 U.S. 694, 702 (1891). In other words, Rule 8(a) simply requires that the parties "citizenship must be affirmatively and unambiguously alleged in the complaint, and the pleader must identify specifically

in which state in the United States each party has citizenship." 13E Charles Alan Wight, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3611 (3d ed. 2009) (citing *Anderson*, 138 U.S. at 702).

Here, the First Amended Complaint positively avers complete diversity, because it alleges that the plaintiff is a citizen of Virginia, and the defendant is a citizen of Tennessee.  Gentry Locke is a Virginia citizen because its partners "are citizens and residents of the Commonwealth of Virginia."  First Am. Compl. 1, ECF No. 11; *Carden*, 494 U.S. at 195.  Pride is a Tennessee citizen because it has "two members, both of *whom* are citizens, residents, and domiciles of the State of Tennessee." First Am. Compl. 1, ECF No. 11 (emphasis added); *Cent. W. Va. Energy Co.*, 636 F.3d at 103.  The court must accept these allegations as true at this stage.  *Kerns*, 585 F.3d at 193.

Pride's argument that the First Amended Complaint does not identify its members is of no avail here.  The allegation that Pride's members are natural persons domiciled in Tennessee is sufficient to conclude that Pride is a Tennessee citizen.[2]

---

[2] The pronoun "whom" in the First Amended Complaint indicates that Pride's members are natural persons.  *Who*, Merriam-Webster, at https://www.merriam-webster.com/dictionary/who (last visited Oct. 1, 2020) (stating, "In current usage *that* refers to persons or things, *which* chiefly to things and rarely to subhuman entities, *who* chiefly to persons and sometimes to animals.").  A limited liability company comprised of only natural persons is a citizen of the state(s) where those persons are domiciled.  *See Cent. W. Va. Energy Co.*, 636 F.3d at 103; *Axel Johnson, Inc.* 145 F.3d at 663.

Any further identification, such as the names of Pride's members, are not necessary to identify Pride's citizenship and do not aid the Court in doing so.

Additionally, the First Amended Complaint alleges that Gentry seeks to recover at least $130,851.52, First Am. Compl. ¶ 23, which "exceeds the sum or value of $75,000." 28 U.S.C. § 1332.  Thus, Gentry has sufficiently alleged that this court has subject-matter jurisdiction under 28 U.S.C. § 1332.

IV.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss First Amended Complaint, ECF No. 12, is DENIED.

ENTER:   October 6 2020

/s/  JAMES P. JONES
United States District Judge